# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. ANTONICIC, et al., | ) |
| Plaintiff, | ) Case No. 19-cv-3038 |
| v. | ) Judge Robert M. Dow, Jr. |
| HSBC BANK USA, N.A., | ) |
| Defendant. | ) |

## ORDER

Plaintiffs Christopher and Anastasia Antonicic and Gust and Afrodit Papas ("Plaintiffs"), on behalf of two putative classes, have sued Defendant HSBC Bank USA, N.A. ("Defendant") for breach of contract, unjust enrichment, and violations of the Illinois Consumer Fraud Act. Before the Court are Plaintiffs' "*Damasco*" motion for class certification [21], Defendant's motion to dismiss pursuant to Rule 12(b)(2) [27], and Defendant's motion to dismiss pursuant to Rule 12(b)(6) [27]. Plaintiffs' unbriefed (and protective) motion for class certification [21] is stricken with leave to refile. Defendant's motion to dismiss [27] is and denied in part (with respect to jurisdiction) and granted in part (with respect to Plaintiffs' failure to state a claim on which relief can be granted). Plaintiffs are given until May 1, 2020 to file an amended complaint consistent with this opinion. The case is set for further status on May 12, 2020 at 9:00 a.m.

## STATEMENT

Plaintiffs filed this putative class action against Defendant, claiming that Defendant improperly assessed inspection fees. Plaintiffs entered into a mortgage with Defendant on September 5, 2008. The mortgage was insured by the Federal Housing Administration (FHA), which, according to Plaintiffs, makes the mortgage subject to certain regulations of the Department of Housing and Urban Development (HUD). The Antonicics, but not the Papases, filed for Chapter 7 bankruptcy in May 2010, listing their mortgage as a secured debt in the bankruptcy petition. In November 2010, the bankruptcy court issued a discharge order.

In June 2017, Defendant served Plaintiffs with a complaint for mortgage foreclosure and reformation. On June 21, 2018, Defendant moved for default judgment and foreclosure; during that entire time, the Antonicics lived at the residence. As part of the motion for default judgment, Defendant enumerated $434.25 for post-default inspection fees. Plaintiffs do not allege that they actually paid the fees.

Plaintiffs claim that these inspection fees constitute a breach of contract, and/or violate the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("the ICFA"). Specifically, after the first inspection,

Defendant knew or should have known that because the Antonicics resided at the house, any further inspections were unnecessary. The operative complaint [20] also included a claim for unjust enrichment, which Plaintiffs have since abandoned. See [29 at 3 n.2]. Plaintiffs originally filed the instant action as a counterclaim to the mortgage foreclosure proceedings, but the state court severed the counterclaims, and Defendant removed the case to this Court. See [*id.* at 1 n.1]. Defendant moved to dismiss the entire complaint for failure to state a claim, and moved to dismiss all non-Illinois residents for want of personal jurisdiction.

Preliminarily, Defendant's motion to dismiss unnamed out-of-state class members for want of personal jurisdiction is denied. Earlier this month, the Seventh Circuit definitively held that "unnamed class members are not required to" "demonstrate either general or specific personal jurisdiction." *Mussat v. IQVIA, Inc.*, --- F.3d ---, 2020 WL 1161166, at *4 (7th Cir. Mar. 11, 2020); see also *Molock v. Whole Foods Market Group, Inc.*, --- F.3d ---, 2020 WL 1146733, at *1 (D.C. Cir. Mar. 10, 2020) ("Absent class certification, putative class members are not parties before a court, rendering the defendant's [Rule 12(b)(2)] motion premature.") *Mussat* is controlling here and dictates the denial of Defendant's motion to dismiss the unnamed, out-of-state class members for lacking either general or specific personal jurisdiction. *Id.*

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" See, *e.g.*, *Lodholtz v. York Risk Serv. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's complaint needs not include "detailed factual allegations," but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, the complaint must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)).

Plaintiff has failed to state a claim for breach of contract or a violation of the ICFA. To state a claim for breach of contract under Illinois law or for violation of the ICFA, a plaintiff must allege he or she suffered actual, pecuniary damage. See, *e.g.*, *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) ("Merely showing that a contract has been breached without demonstrating actual damage does not suffice, under Illinois law, to state a claim for breach of contract.") (citation omitted); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) ("In a private ICFA action, the element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'") (citation omitted). Likewise, to recover under an unjust enrichment theory, a plaintiff must allege that the defendant withheld a benefit to her detriment. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust.").

As this Court has previously held in *Miszczyszyn v. JPMorgan Chase Bank, N.A.*, 2019 WL 1254912 (N.D. Ill. Mar. 19, 2019), and *Tirado v. Bank of America, N.A.*, 2019 WL 4694990 (N.D. Ill. Sept. 26, 2019), Plaintiffs' alleged injuries are insufficient to give rise to an inference of

actual damages. First, merely being assessed a disputed fee, without paying it, does not constitute actionable actual damage. *Miszczyszyn*, 2019 WL 1254912, at *5 (citation omitted). Second, the foreclosure documents attached to the complaint render the allegation that Plaintiffs were charged interest implausible. See *id.*; see also [20-2 at 5]. Third, Plaintiffs' claim that the fees' assessment decreased the equity in their property is too speculative to support a contract suit for damages until the fee is approved in a foreclosure suit. *Tirado*, 2019 WL 4694990 at *7 (citations omitted). Fourth, for similar reasons, Plaintiffs' claim that the assessment of these inspection fees—which total less than $500 in a foreclosure action concerning almost $300,000 [20-2, at 5]— has prejudiced Plaintiffs' negotiating position to the extent that it caused actual damages also is too speculative to state a claim for actual damages. *Id.* at *8 (citations omitted). Finally, the mere fact that Plaintiff challenged the fee here and before the state court in the foreclosure action and incurred attorney's fees in so doing does not constitute actionable damages. *Id.*

Plaintiffs do not attempt to distinguish these cases, merely noting their disagreement with them. [29 at 6.] Their attempts to persuade the Court to change its mind are unconvincing. First, Plaintiff insinuates that actual damages are coterminous with Article III standing. But the mere fact that Plaintiff can theoretically bring these claims in federal court does not mean that they have a basis for doing so grounded in the elements of the statutory violation and on the facts present here. *Tirado*, 2019 WL 4694990, at *6 n.5. Second, Plaintiffs' attempts to analogize their case to the Home Affordable Mortgage Program (HAMP) cases is unavailing. In those cases, plaintiffs alleged, *inter alia*, that they had made payments pursuant to the program; that the assessment of the late fees in question preceded (and therefore had a plausible causal role in) their default; and that they lost out on other refinance and savings opportunities based on their reliance on the bank's promises to refinance their loans. See, *e.g.*, *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 558, 564, 568, 575–76 (7th Cir. 2012).

In any event, the Court is skeptical that Plaintiffs could pursue these claims even if they had paid the fees in question. See *Leszanczuk v. Carrington Mortgage Services, LLC*, 2020 WL 1445612, at *4–7 (N.D. Ill. Mar. 25, 2020). Specifically, the contractual language at issue here likely did not expressly incorporate any regulation restricting fees. *Id.* at *4. Likewise, the Court's analysis of the regulations and fees at issue in *Leszanczuk* would presumably apply to this ICFA action as well. See *id.* at *6–7. Regardless, Plaintiffs may file one final amended complaint consistent with both this order and the Court's opinion in *Leszanczuk*.

Dated: March 27, 2020

_____
Robert M. Dow, Jr.
United States District Judge